THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CÁSTULO RODRÍQUEZ PADRÓ, Defendant and Appellant.

No. 10918.   Argued December 7, 1945.—Decided January 14, 1946.

498

*Francisco García Quiñones* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant in this case was charged with an attempt to kill, unlawful carrying of a revolver, and violation of the Act regarding the sale and registration of firearms. He was convicted of assault with intent to commit manslaughter, found guilty on the remaining charges, and sentenced to one year's imprisonment in the penitentiary for the first-named offense and to two months in jail for each of the other two offenses.

In the first two assignments it is urged that the trial court erred in permitting Francisco Guzmán, an insular policeman, to testify regarding certain statements which, in answer to questions asked by the witness, were made by the accused after the latter had been arrested and without the witness first warning the declarant that such statements might be used against him.

From the transcript of the evidence it appears that policeman Guzmán testified that on the night of the occurrence he was standing, dressed in plain clothes, near the grocery "Los Muchachos"; that he heard some shots and ran towards the place of the occurrence, where a crowd had collected and there was a woman wounded by a bullet; that he went to arrest the defendant Cástulo Rodríguez, found him in his home, and asked him to accompany the witness to the police station; that on the way to the station, the defendant told the witness "that the woman was persecuting him a great deal, that she

was after him, and that he would have to go away"; that he also said "that he had been compelled to do what he did," and did not say anything further.

The statements made by the accused were not offered by the district attorney as a confession but as an admission voluntarily made by the accused to the policeman. The district attorney was not bound to prove in advance the voluntary character of said admission. *People* v. *Dones,* 56 P.R.R. 201; *People* v. *Montes,* 64 P.R.R. 306; *People* v. *Lebrón,* 61 P.R.R. 634. Nor was it necessary for its admissibility that the policeman should have given the accused any warning whatsoever. *People* v. *Kent,* 10 P.R.R. 325; *The People* v. *Morales, alias Yare Yare,* 14 P.R.R. 227; *The People* v. *Flores,* 17 P.R.R. 116; *The People* v. *Alméstico,* 18 P.R.R. 314; *The People* v. *Martínez,* 23 P.R.R. 212; *People* v. *Rodríguez,* 28 P.R.R. 464; *People* v. *Valle,* 29 P.R.R. 516. That the accused was not entitled to be represented by counsel at the time when he made the aforesaid statements to the policeman is a question decided by this court in *People* v. *Travieso,* 60 P.R.R. 518, and *People* v. *Montes, supra.*

The appellant complains in the third assignment of error of the action of the lower court in permitting the district attorney to question the accused as to certain amorous advances claimed to have been made by the defendant to the daughter of Sixta Peña Rosario.

From the record it appears that after the defendant had extensively testified regarding his love affair with Sixta Peña which lasted two years, the district attorney asked the defendant on cross-examination whether or not it was true that he had tried to court Sixta Peña's daughter, and that that had been the cause of the quarrel between the defendant and his mistress. After those questions had been asked and answered, counsel for the defendant objected, confining himself to the statement: "Immaterial, your Honor." The court overruled the objection and the defense took an exception.

500

The objection, apart from the fact that it came too late and that it failed to set forth the grounds therefor, was properly overruled. The district attorney was entitled to cross-examine the defendant not only in order to test his credibility and the accuracy of his testimony, but also to establish the motive which defendant had for committing the crime charged against him. *The People* v. *Román*, 18 P.R.R. 217; *People* v. *Muñoz*, 29 P.R.R. 486; *Sosa* v. *Cardona et al.*, 30 P.R.R. 255; *People* v. *Gómez*, 33 P.R.R. 179.

The two remaining assignments lack merit. The fact that the judge put a number of questions to the accused is not in itself sufficient to infer therefrom that he acted under the influence of passion, prejudice, or partiality against the accused. The questions asked by the judge in this case tended to clarify certain facts mentioned by the defendant in his direct examination, and those questions could not prejudice the accused in any way.

The evidence introduced by the district attorney and believed by the jury is more than sufficient to justify the verdict. Likewise it was sufficient to support a verdict of guilty of an attempt to kill.

The judgments appealed from, which are extremely lenient, should be affirmed.

Mr. Justice Córdova did not participate herein.